UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DMT MAC TRUONG *also known as* DR. MAC TRUONG, <br><br> Plaintiff, <br> v. <br><br> JOHN V. SALIERNO *et al.*, <br><br> Defendants. | Civil Action No. 23-02592 (UNA) |

## **MEMORANDUM OPINION**

This action, brought *pro se*, is before the Court on review of Plaintiff's Complaint, ECF No. 1, and application to proceed *in forma pauperis*, ECF No. 2. The Court will grant the application and dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (requiring immediate dismissal of a case upon a determination that the complaint fails to state a claim on which relief may be granted or is frivolous).

Plaintiff is a resident of Jersey City, New Jersey. Although new to this district court, Plaintiff "is a vexatious litigant who has continued to file numerous repetitive, meritless and frivolous actions despite past warnings by several courts." *In re Truong*, No. 09-11047 MG, 2011 WL 2894580, at *1 n.4 (Bankr. S.D.N.Y. July 15, 2011), quoting *Vishipco Line v. Charles Schwab & Co.*, 2003 WL 1345229, at *9 (S.D.N.Y. Mar.19, 2003) (Stein, J.)); *see id*. n.1 (noting "over 70 written judicial opinions related" to Plaintiff's "various lawsuits and bankruptcies"). This action is consistent with the pattern.

Plaintiff sues three attorneys in Jersey City; two tenants of a townhouse in Jersey City; and a New Jersey Superior Court judge. *See* ECF No. 1 at 3. Plaintiff states that in 2022, he sued the same defendants in New Jersey Superior Court. Allegedly, on April 14, 2023, Plaintiff obtained

an order of protection against their "harassing, bullying, or illegally evicting," *id*. at 4, but the "harassment" continued apparently in landlord-tenant court. *See id*. ¶ 3 (alleging that the tenant-landlord defendant acted "in concert with no less than three of his . . . lawyers" to manipulate "a corrupted and/or incompetent State Housing court system, to egregiously and illegally evict Plaintiff"). Plaintiff filed "in this noble Federal Court because" he "cannot obtain the same in the State Court system[.]" *Id*.

Plaintiff asserts that from January 27, 2019, to the present, Defendants have "act[ed] in concert . . . in serious willful criminal violation of [his] numerous fundamental constitutional rights," in violation of "numerous provisions of the U.S. Criminal Code including but not limited to 10 U.S.C. § 921, 18 U.S.C. § 1512, and/or 18 U.S.C. § 241." ECF No. 1 at 4 (cleaned up). Claiming deprivations of his "right[s] to a day in court," the "presumption of innocence," and "to recover lawfully" his "wrongfully taken properties," Plaintiff seeks at minimum "One Million Dollars or any amount that this Court may deem just, fair and appropriate[.]" *Id*. at 15.

Federal courts "are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, [or] obviously frivolous[.]" *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974) (internal quotation marks and citations omitted). In addition, complaints lacking "an arguable basis either in law or in fact" may be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Those tenets apply here because the "Supreme Court has rarely implied a private right of action under a criminal statute," *Lee v. United States Agency for Int'l Dev*., 859 F.3d 74, 77 (D.C. Cir. 2017) (cleaned up), and the criminal statutes Plaintiff invokes do not provide such right. *See Leonard v. George Washington Univ. Hosp*., 273 F. Supp. 3d 247, 257 (D.D.C. 2017), *aff'd*, No. 17-5194, 2018 WL 3524644 (D.C. Cir. July 9, 2018) (listing § 1512 and § 241 among "the type of bare

criminal statutes from which no private right of action is implied.") (cleaned up)); *Peavey v. Holder*, 657 F. Supp. 2d 180, 190 (D.D.C. 2009), *aff'd*, No. 09-5389, 2010 WL 3155823 (D.C. Cir. Aug. 9, 2010) (§ 1512 and other "federal criminal obstruction of justice statutes do not create private causes of action"); *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009), *aff'd*, No. 09-5358, 2010 WL 2574084 (D.C. Cir. June 11, 2010) (§ 241 criminalizing conspiracy against rights does not "expressly create a private right of action upon which plaintiff may sue defendants"). Furthermore, 10 U.S.C § 921, titled Larceny and wrongful appropriation, "falls within the punitive articles of the Uniform Code of Military Justice," which in addition to its inapplicability to the purported claims does not create "a private cause of action to enforce the punitive articles enacted therein[.]" *Rush v. Hillside Buffalo, LLC*, 314 F. Supp. 3d 477, 482 n.3 (W.D.N.Y. 2018) (citations omitted). Consequently, this case will be dismissed by separate order.

Date: October 11, 2023

_____/s/_____
JIA M. COBB
United States District Judge